# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JODIE D. SEGURA,**

    Plaintiff,

  v.                                               Case No. 19-CV-405

**WHITE LODGING SERVICES CORP.,**

    Defendant.

---

# DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

---

Jodie D. Segura sues her former employer, White Lodging Services Corporation, for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, as well as for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, *et. seq.*, and Wisconsin wage laws. White Lodging moves to dismiss Segura's amended complaint pursuant to Fed. R. Civ. P. 12(b)(5) for untimely service of the complaint. For the reasons that follow, the defendant's motion to dismiss is granted.

## BACKGROUND

Segura alleges that she was employed by White Lodging from June 26, 2017 as a line cook until February 22, 2018. (Am. Compl. ¶ 5, Docket # 3.) Segura alleges that she was subjected to unwanted physical touching of a sexual nature by her supervisor. (*Id.* ¶¶

12–22.) Segura filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") and received a Right to Sue letter dated December 19, 2018. (Docket # 3-1.) Segura filed a complaint in federal court against White Lodging on March 19, 2019 alleging Title VII violations. (Docket # 1.) Segura subsequently filed an amended complaint on June 27, 2019 against White Lodging adding claims under the FLSA and Wisconsin wage laws. (Docket # 3.) White Lodging was served with the amended complaint on August 21, 2019. (Declaration of Jesse R. Dill ¶ 9, Ex. H, Docket # 10-8.)

## APPLICABLE RULE

Fed. R. Civ. P. 4(m) governs the time a complaint must be served on the opposing party. The complaint must be served on the defendant within 90 days after the complaint is filed. Rule 4(m). If a defendant is not served within 90 days after the complaint is filed, "the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* A defendant may enforce the service of process requirements through a pretrial motion to dismiss. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (citing Fed. R. Civ. P. 12(b)(5)). The plaintiff bears the burden to demonstrate that the district court has jurisdiction over the defendant through effective service. *Id.* However, Rule 4(m) also states that if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period. "Good cause" means "a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002). Counsel's negligence, inadvertence, or "half-hearted efforts to serve a defendant" do not constitute good cause for failure to serve under Rule 4(m). *Floyd v. United States*, 900 F.2d 1045, 1047 (7th Cir. 1990); *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988). If, however, the

plaintiff cannot establish good cause, the court may permissively extend the time for service based on excusable neglect. *Coleman*, 290 F.3d at 934. The decision of whether to dismiss or extend the period for service is inherently discretionary. *Cardenas*, 646 F.3d at 1005. The Seventh Circuit has noted that Rule 4(m) does not specify what factors the court must consider in exercising its discretion; however, it may consider factors such as these: (1) whether the expiration of a statute of limitations during the pending action would prevent refiling, (2) whether the defendant evaded service, (3) whether the defendant's ability to defend would be prejudiced by an extension, (4) whether the defendant had actual notice of the lawsuit, and (5) whether the defendant was eventually served. *Id.* at 1006–07. The court should consider the relative hardships of the parties in arriving at its discretionary choice between dismissal and extension of time. *Id.*

## ANALYSIS

Segura does not contend that her complaint was timely served under Fed. R. Civ. P. 4(m). Nor could she. Her complaint was filed on March 19, 2019 (Docket # 1) and her amended complaint was filed on June 27, 2019 (Docket # 3). The amended complaint was not served on White Lodging until August 21, 2019—155 days after the original complaint was filed. *See Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987) ("We do not believe, however, that the order [allowing the complaint to be amended] started the 120 days running again from the date when the amended complaint was filed. The purpose of allowing complaints to be amended is to enable the pleadings to be conformed to the developing evidence rather than to extend the time for service indefinitely.").

Segura's sole argument for "good cause" and primary argument for excusable neglect is her counsel's health complications during the spring and summer of 2019. (Declaration of

Shannon D. McDonald ¶ 3, Docket # 12.) Segura further argues that the statute of limitations has expired on her Title VII claim; thus, dismissal will effectively eliminate this claim. (Docket # 11 at 3.) Finally, she argues that White Lodging had notice of her Title VII claims, was eventually served with the complaint, and will not be prejudiced in its defense.

(*Id.*)

Segura fails to show good cause for a mandatory extension of time. Segura's counsel argues that he experienced health complications in the spring and summer of 2019 which required numerous trips to the hospital, surgery, and two multi-day hospital admittances. (Docket # 11 at 2.) While I agree that counsel's health issues present a more compelling explanation than ordinary attorney inadvertence, I am not convinced, in this case, that counsel's health issues establish "good cause" to require a mandatory extension of time.

Counsel is not a sole practitioner and could have given oversight of this case to his partner. Nothing would have prevented counsel, or his partner, from requesting an extension of time to serve the complaint during this time period. However, it appears no service attempts were ever made until August 2019. It is understandable why Segura filed the complaint containing her Title VII claim in March 2019—she was running up against the ninety-day deadline that starts from receipt of her right to sue letter. However, if she was still investigating possible FLSA and Wisconsin wage claims, the proper procedure would have been to timely serve the complaint and then amend the pleading.

Segura also fails to show excusable neglect for a permissive extension of time. Her strongest argument is that dismissal of the complaint would bar refiling of her Title VII claim. But this factor alone neither requires nor justifies an extension. *Cardenas*, 646 F.3d at

1006. While Segura argues that White Lodging had notice of her claim, what the Seventh Circuit states I should consider is whether White Lodging had *actual notice* of the *lawsuit*. White Lodging clearly had notice of the claim—Segura filed an EEOC charge and White Lodging was involved in the administrative proceedings. White Lodging was copied on Segura's right to sue letter. But there is a difference between knowing someone has a potential lawsuit and having actual notice of the lawsuit. For all White Lodging knew, Segura chose not to pursue her claim any further. As White Lodging argues, it was not conducting further investigation during this time period or otherwise mounting a defense to her lawsuit. (Docket # 8 at 6–7.) White Lodging argues many potential witnesses have since left their employment with the company, thus making it more difficult to gather information regarding Segura's claims. (*Id.*) I am sensitive to the fact that dismissing the complaint punishes Segura for her attorney's failure. But the law provides that a litigant is generally bound by her attorney's conduct. *Floyd*, 900 F.2d at 1047 n.2. However, "the attorney is liable to his client for malpractice if his delay blocks the pursuit of a claim that otherwise would have succeeded." *Id.* (internal quotation and citation omitted).

Given the potential prejudice to White Lodging, coupled with counsel's failure to explain why his partner could not have handled this case while he was unavailable or even minimally, to have alerted the court to the issues and requested an extension of time in which to serve, Segura has failed to establish excusable neglect. For these reasons, the defendant's motion to dismiss is granted.

   **NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to dismiss (Docket # 7) is **GRANTED**. The plaintiff's complaint and amended complaint are dismissed without prejudice.

**IT IS FURTHER ORDERED** that this case is dismissed. The Clerk of Court is to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of November, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge